# Commonwealth of Pennsylvania *v.* John G. Montross, Appellant.

*Criminal law—Practice, Q. S.—Pleas of autrefois acquit.*

The defendant being on trial for selling liquor without a license, the court committed no error in refusing a motion for continuance pending rendition of verdict in another case, in which same defendant was indicted " for selling liquor on Sunday," in which case the jury was out, and the court committed no error in rejecting evidence of a verdict of not guilty in the former case, subsequently offered at the end of the oral testimony.

The defendant did not suffer in any way as the same result was had as if the alleged plea had been disposed of in a distinct issue before a special jury. Evidence of Sunday sales having been excluded on the second trial, the trial judge should have directed the jury, as matter of law, that the offenses were not the same.

Syllabus—Assignment of Errors. [8 Pa. Superior Ct.

*Statutes—Constitutional law—Prohibition of two subjects.*

The Act of April 3, 1867, P. L. 740, extending the Act of April 11, 1866, P. L. 658, to Wyoming county is constitutional as to its first section, although the second section is unconstitutional under the ruling of Com. v. Frantz, 135 Pa. 389.

*Criminal law—Pleading—Pleas of autrefois acquit.*

The plea of autrefois acquit or convict is of mixed nature consisting of matters of record and matters of fact; of record, as to the indictment and verdict; of fact, in that the defendant is the same person and the offense is the same, and is no bar to the pending action.

*Practice, Q. S.—Additions—Bills of indictment on transcript of justice.*

The practice of admitting additional bills of indictment has been of such long standing and is so generally adopted, that unless the defendant is misled or surprised to his injury the trial judge has ample authority to permit the district attorney to send up bills without a preliminary hearing and binding over.

Two indictments were founded on a single transcript charging the defendant with having sold liquor on a given Sunday and on other Sundays. *Held*, that an indictment in which the defendant was charged with selling without a license was warranted, although there had been no previous information or binding over of the defendant as to the particular offense.

Argued March 15, 1898. Appeal, No. 5, Jan. T., 1898, by plaintiff, from judgment of Q. S. Wyoming Co., Nov. Sess., 1897, No. 13, on verdict of guilty. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Indictment for selling liquor without a license. Before DUNHAM, P. J.

The facts sufficiently appear in the opinion of the court.

Verdict of guilty and sentence thereon. Defendant appealed.

*Errors assigned* among others were (1) in overruling defendant's motion for leave to plead former acquittal or conviction. (2) In rejecting the following offer of testimony by defendant: "We offer in evidence the indictment and verdict in No. 13, November sessions, Com. v. John G. Montross, and the record, for the purpose of showing the charge laid as upon the same day; and for the purpose of showing a former acquittal — showing that he was acquitted of the charge laid in this indictment." (3) In admitting the commonwealth's offer of evi-

dence, as follows: "We offer to show by this witness (Melvin Covey) and others, that they obtained intoxicating cider of John G. Montross, on his premises in Eaton township, which was paid for and drunk upon the premises not on Sunday, and since November 23, 1896, and that they purchased intoxicating cider from the defendant, on a week day last summer." (4) In overruling defendant's motion to quash the indictment, which motion is as follows: "Counsel for the defendant move the court to quash the indictment, January 20, 1898, before plea, because the special act in force in Wyoming county, viz: the Potter county law, April 11, 1866, P. L. 658, extended to Wyoming county, April 3, 1867, P. L. 740, and unrepealed, only punishes the sale of liquors to be used as a beverage; and the indictment does not charge the sales made for that purpose. Now January 20, 1898, motion to quash overruled. To which counsel for defendant except and at their request a bill is sealed." (5) In refusing defendant's motion in arrest of judgment in this case, which motion is as follows: "January 25, 1898, counsel move to arrest the judgment in this case. 1. The indictment shows defendant is charged with having committed the offense on a date for which the court ruled he could not be convicted, to wit: on May 9, 1897. 2. The indictment does not charge an offense for which defendant can be sentenced and punished by virtue of any statute in force in Wyoming county. The statute applicable in such a case being the Potter county law of 1866, afterwards extended to Wyoming county. 3. The defendant is not charged in the indictment with selling liquor to be used as a beverage. Now January 27, 1898, the within motion in arrest of judgment overruled." (6) In refusing defendant's motion for a new trial.

*F. J. Jorden, Henry Harding* and *Sittser & Dersheimer,* for appellant.—A former conviction may be specially pleaded or proved under "not guilty:" Clem v. State, 42 Ind. 420; 1 Arch. Cr. Prac. & Plead. 352.

The test is, whether on the face of the record, the evidence to support the second indictment would have been sufficient to procure a conviction upon the first: Com. v. Heikes, 26 Pa. 513.

The test is not necessarily whether the evidence offered and

admitted in the second would have convicted of the charge in the first indictment: Com. v. Rockafellow, 3 Pa. Superior Ct. 588; 1 Archbold's Cr. Prac. & Plead. (ed. 1877) 343, note.

The plea of former acquittal concludes with an offer to verify by the record, not by the evidence which may be admitted, under limitations by the court outside of the record: Com. v. Trimmer, 84 Pa. 65.

The sale upon Sunday and without a license is one offense, as much as two blows, right and left, upon the same person at the same time is but one assault and battery. Neither we submit, may the court do what the commonwealth cannot do, by directing that no evidence shall be offered in the second indictment, in support of the offense for which the defendant has been acquitted: 1 Archbold's Cr. Prac. & Pleading, 343, 345; Altenburg v. Com., 126 Pa. 602, 613.

The question of former acquittal is one of fact and depends on substantial identity of offenses charged: Com. v. Maher, 16 Phila. 451. When pleas of "not guilty" and "autrefois acquit" are both pleaded the plea of former acquittal should be first tried: Solliday v. Com., 28 Pa. 14. The dates charged in the indictment are not material, any time within two years would do: 2 Saunders's Plead., 291, note *c.*

A bill of indictment may be sent to the grand jury by the district attorney with the sanction of the court: McCullough v. Com., 11 P. F. S. 30; Com. v. Fehr, 2 Northampton Co. 275; Com. v. Taylor, 2 Dist. Rep. 743; Com. v. Shupp, 6 Kulp, 430; Lloyd's Case, 3 Clark's Cases, 192; Com. v. Green, 126 Pa. 531; Com. v. Hood, 177 Pa. 48. Section 2 of Potter County Act is unconstitutional and cannot be made constitutional by extension to Wyoming county: Hatfield v. Com., 126 Pa. 395.

*James W. Piatt,* with him *Francis F. Drake,* district attorney, for appellee.

OPINION BY ORLADY, J., July 29, 1898:

The defendant was convicted under an indictment in which he was charged with selling "on the ninth day of May, A. D. 1897, and at divers other times within the year past, . . . . spirituous, vinous, malt and brewed liquors and domestic wines, and

admixtures thereof, to wit: brandy, rum, gin, whiskey, beer, ale, porter and cider to five named persons and divers other persons whose names are to the inquest unknown, without having obtained a license authorizing him so to do."

Before the jury was sworn, the counsel for the defendant moved to quash the indictment, "because the special act in force in Wyoming county, viz., the Potter County Law, 11th of April, 1866, P. L. 658, extended to Wyoming county, 3d of April, 1867, P. L. 740, and unrepealed, only punishes the sales of liquors to be used as a beverage; and the indictment does not charge that the sales as made for that purpose." The motion was overruled, and the defendant made what is designated a special motion, viz: "And now, to wit: January 20, 1898, the defendant, before entering his plea, adds his special plea, that the charge contained in this indictment is the same as that contained in an indictment upon which a jury is now out, considering their verdict. That the date alleged here is May 9, 1897, the same date of the offense alleged in the indictment for selling liquor on Sunday, as above set forth, upon which he has been once tried, and the jury is now out considering their verdict. He therefore respectfully asks the court to continue this case until the return of the above stated verdict which the jury is now considering that he may be informed and enabled to enter his proper plea of former conviction or acquittal," which motion was overruled and the defendant then entered a plea of not guilty and proceeded to trial, which resulted in his conviction on evidence fully warranting the finding of the jury.

At the conclusion of the oral evidence the defendant offered in evidence the record in Commonwealth v. John G. Montross, for selling liquor on Sunday, on which a true bill was found November 12, 1897, and a verdict of not guilty returned during the time the case now before us was on trial. This offer was excluded by the court for the reason that on the concluded trial the defendant was tried and acquitted of selling in violation of the statute prohibiting the sale of liquor on Sunday, and in the case at that time before the court the charge was for selling without a license, and all evidence was specially excluded from the consideration of the jury, and the proof was confined to sales made on days other than Sunday.

The record was not offered or treated as a special plea, though

the court, counsel for the Commonwealth, and defendant seem to have disposed of it upon facts within their personal knowledge, which though irregularly found, are accepted by the defendant as correct, and we cannot disturb them as presented in this record.

It was a motion for a continuance of the cause, which the trial judge held to be insufficient, and cannot be construed into a plea of autrefois acquit.

The plea of autrefois acquit or convict is of a mixed nature consisting of matter of record and matter of fact; of record, the indictment and verdict; of fact, that the defendant is the same person and the offense is the same, and is in bar to the pending action. This is a favored plea, and though technical accuracy is not required, we have no hesitancy in affirming the action of the court with regard to it. The trial judge was careful to eliminate any proof on the trial of the case before us which had been or could have been used to secure a conviction for selling liquor on Sunday, as required in Altenburg v. Commonwealth, 126 Pa. 602, and no such evidence was before this jury. The identity of person was admitted, and the excuse for not presenting the record before the plea of not guilty was entered, was necessarily good for the reason that the record in the first case tried was not then obtainable.

The defendant did not suffer in any way, as the same result was had as if the alleged plea had been disposed of in a distinct issue before a special jury. Had that been done the trial judge would and should have directed that jury that, as matter of law, the offenses were not the same. It may have been the only way in which advantage could be taken of the verdict in the first trial, and this irregular way is sometimes authorized: Dacy v. State, 17 Ga. 439; State v. Washington, 28 La. Ann. 129; Pizano v. State, 20 Texas App. 139. The two indictments were founded on a single transcript, which shows that the defendant was held to answer generally, on oath of Minnie Capwell, charging the defendant with having on Sunday, May 9, 1897, and on other Sundays within the last year, sold, etc., and it is complained that the indictment in which the defendant was charged with selling without a license was not warranted, as there had been no previous information or binding over of the defendant as to that particular offense.

The information is not with the record, the transcript of the justice may or may not have included all that was alleged in the information; we accept it as doing so, but the practice of permitting additional bills has been of such long standing and is so generally adopted, that unless the defendant is misled or surprised to his injury, which is not alleged in this case, we would not reverse, owing to the ample authority in the trial judge to permit the district attorney to send up bills without a preliminary hearing and binding over: Brown v. Commonwealth, 76 Pa. 319; McCullough v. Commonwealth, 67 Pa. 30; Lloyd and Carpenter Case, 3 Clark, 188; Commonwealth v. Lizzie Green, 126 Pa. 531; Rowand v. Commonwealth, 82 Pa. 405; Harrison v. Commonwealth, 123 Pa. 508.

The other objection interposed to the indictment is without merit. On April 11, 1866, a special act of assembly was enacted entitled, " An act to prohibit the granting of licenses to sell intoxicating drinks within the county of Potter," the first section being, " That from and after the passage of this act no license shall be granted to any person, to sell vinous, spirituous, malt or brewed liquors, within the limits of the county of Potter," and the continuing validity of this section is specifically determined in Murdock's Petition, 149 Pa. 341, which however did not decide as to the sufficiency of the second section which is as follows: " Section 2. That if any person, or persons within the said limits, shall sell, trade or barter away, any vinous, spirituous or any kind of intoxicating liquors, or intoxicating tonic or other bitters, to be used as a beverage, he, or she upon conviction thereof in the court of quarter sessions of said county, shall be fined, etc. Provided however that manufacturers of domestic wines and of malt and brewed liquors shall not be prohibited from selling their own products, in quantities of not less than one gallon; and provided further that this act shall not apply to druggists who sell unmixed alcohol, or wine, or brandy, on the written prescription of a regular practising physician."

By an Act of April 3, 1867, P. L. 740, the provisions of the Potter county act were extended to the county of Wyoming, with the proviso " that domestic wines, and malt and brewed liquors, shall not be sold in said county." And by Act of April 9, 1868, P. L. 770, the extending act was repealed so far

as said law applies to "such hotels as are kept furnished and deemed necessary for the accommodation of the traveling public," etc.

The validity of the extending act of 1867 to Wyoming county must be determined by the primary act. It gained no constitutional attributes by the fact that its provisions should be extended to another county, and we are spared an original examination of this subject by the decision in Commonwealth v. Frantz, 135 Pa. 389, in which a special Act of April 9, 1869, P. L. 759, is considered, and the second section is held to be clearly unconstitutional, because it offends against the amendment of 1864, prohibiting the passage of any bill containing more than one subject, which shall be clearly expressed in its title. The only subject expressed in the title of the act referred to, is prohibiting the issuing of licenses in the two boroughs named, and to that the first section expressly relates; but there is nothing in the title to give notice of such legislation as we find in the second section. It follows therefore that while the first section of the act is constitutional, the second is not."

This decision is based upon Hatfield v. Commonwealth, 120 Pa. 395, in which a special act similar to the Potter county act is considered and the same conclusion reached, and it follows that the objectionable section in the act extended to Wyoming county in 1867 must fall, and that the indictment in the present case was properly adjudged sufficient.

The assignments of error are all overruled and the judgment is affirmed.