## Commonwealth, Appellant, v. McElroy.

*Criminal law—Adultery—Bigamy—Inducement—Information—Quashing indictment—Discretion of court.*

The appellate court will not reverse, as an abuse of discretion, an order quashing an indictment for adultery because the information was not sufficient to support the indictment, where the information charged that the defendant entered into a bigamous marriage with deponent at a time, when unknown to deponent, he was married to another woman named, who was still alive and with whom he was living, without charging that he had cohabited with deponent as man and wife.

It seems that in such a case the court might have permitted the district attorney to return a bill charging adultery, although the information did not refer to that incident of the bigamous relation.

Argued Nov. 13, 1917.   Appeal, No. 184, Oct. T., 1917, by plaintiff, from order of Q. S. Philadelphia Co., Dec. T., 1916, No. 242, quashing indictment in case of Commonwealth v. George McElroy.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Motion to quash indictment.   Before McMICHAEL, J. The opinion of the Superior Court states the case.

*Error assigned* was order quashing the indictment.

*Franklin E. Barr,* Assistant District Attorney, with him *Samuel P. Rotan,* District Attorney, for appellant, cited: Com. v. Montross, 8 Pa. Superior Ct. 237.

*John E. Walsh,* with him *Andrew F. Quinn, Jr.,* for appellee, cited: Lloyd v. Carpenter, 3 Clark 188; Mc-Cullough v. Com., 67 Pa. 30; Rowand v. Com., 82 Pa. 405; Com. v. Green, 126 Pa. 531; Com. v. Sheppard, 20 Pa. Superior Ct. 417.

OPINION BY PORTER, J., October 12, 1918:

The court below quashed an indictment charging the defendant with adultery upon the ground that the information made before the magistrate and the magistrate's return were insufficient to support the indictment charging the offense.  The Commonwealth appeals from that order.  The material allegations of the information, under which the defendant was arrested and held to answer, were as follows: "That one George McElroy, now residing in Norristown, Montgomery County, Pennsylvania, did on the thirty-first day of May, A. D. 1913, in the County of Philadelphia, State of Pennsylvania, enter into a bigamous marriage with a certain Elizabeth Brown, your deponent, he the said George McElroy, being at the same time married to and having, now, and at the time of said bigamous marriage to your deponent, another wife, to wit: Margaret McElroy in full life, with whom he is now living.  The fact of said former lawful marriage being concealed by him from your deponent."

There can be no question that this information charged the defendant with bigamy, as defined by the Act of March 27, 1903, P. L. 102.  Under the express provisions of the second section of that statute it would not have been necessary for the Commonwealth to aver or prove that the defendant had cohabited with Elizabeth Brown, as man and wife.  The information did not allege that the parties to the bigamous marriage had cohabited as man and wife.  If it had done so it would have certainly been

sufficient to support an indictment for adultery, as well one charging bigamy: Commonwealth v. Morton, 12 Philadelphia 595; Commonwealth v. Montross, 8 Pa. Superior Ct. 237. We cannot in this case say that the information gave the defendant notice that his sexual relations with Elizabeth Brown would necessarily be made the subject of inquiry, nor that upon the face of the record the action of the court below in quashing the indictment was clearly erroneous.

Unlawful cohabitation is so frequently, if not universally, incident to the bigamous relation, that a defendant who is charged with bigamy can hardly be said to be safe in assuming that that incident may not become the subject of inquiry. In such a case it would not be improper for the court to permit the district attorney to present a bill to the grand jury charging the defendant with adultery, even although the information did not expressly refer to that incident of the bigamous relation. The court might with propriety approve of such action by the district attorney, after the indictment had been found, and refusal to quash the indictment would necessarily imply such approval. This is, however, a matter in which the approval of the court is necessary to sustain a district attorney's bill. The action of the court, in such matters, can be brought to the appellate court for purposes of review only when there has been an abuse of discretion both "manifest and flagrant": Commonwealth v. Ramsey, 42 Pa. Superior Ct. 25. We are not called upon to intimate what we would have done if exercising the discretion vested in the court below. We cannot say that the order of the court below involved such an abuse of discretion as to warrant a reversal.

The order of the court below is affirmed.