## Commonwealth v. Adams

*Norris S. Barratt, Jr.,* assistant district attorney, for Commonwealth.

*John N. Landberg,* for defendant.

BONNIWELL, J., April 28, 1936.—Defendant was indicted in Philadelphia County on the charges of fornication in Bucks County and bastardy in Philadelphia County, under the Act of March 31, 1860, P. L. 382, and of neglecting and refusing to contribute reasonably to support his child born out of lawful wedlock, under the Act of July 11, 1917, P. L. 773.

When the case came up for trial the defendant moved to quash the indictments because they charged that the offense of fornication had been committed in Phoenixville, Bucks County, and the Commonwealth sought to amend by fixing Phoenixville, Chester County, as the scene of the offense, a defect which could not be amended after the lapse of the statutory period of limitations, and because the defendant had been indicted for fornication and bastardy in Chester County, before the birth of the child, and the indictment having been nol prossed constituted a formal acquittal for the same offense.

The child was born in Philadelphia County, which, under the Criminal Code of March 31, 1860, P. L. 382, was the county in which the prosecution should be brought. The act gives exclusive jurisdiction to the court of the county of birth. The court of Chester County, therefore, had no jurisdiction, and for that reason the prosecuting authority voluntarily withdrew the proceedings. The nolle prosequi is not a verdict and did not establish the innocence of the defendant as respects the fornication and bastardy with which he is now charged. And even

though there had been a conviction in Chester County on the charge of fornication and bastardy it would not be a bar to the prosecution under the Act of 1917, supra, for wilfully neglecting to support the child resulting from such illicit intercourse: Commonwealth v. Morningstar, 82 Pa. Superior Ct. 425. There is no identity of offense; they are wholly distinct: Commonwealth v. Wibner, 73 Pa. Superior Ct. 349, 352. The court should not quash an indictment except in a clear case and should refuse to do so in a doubtful case: Commonwealth v. Haines, 57 Pa. Superior Ct. 616; Commonwealth v. Carlucci, 48 Pa. Superior Ct. 72. The Commonwealth must have a chance to correct or amend where the defect is formal or apparent.

It is the policy of the law to facilitate the trial of cases upon the merits and formal defects in the pleadings will no longer obstruct it: Commonwealth v. Viscount, 118 Pa. Superior Ct. 595, 599. By the twelfth and thirteenth sections of the Act of March 31, 1860, P. L. 427, the power of the trial court to direct the amendment of an indictment is given in the broadest terms and may be exercised whenever "there shall appear to be any variance between the statement of such indictment and the evidence offered in proof thereof", provided that the courts shall consider the variance not material to the merits of the case and that the defendant cannot be prejudiced in his defense upon such merits.

"And every verdict and judgment which shall be given after making such amendment, shall be of the same force and effect, in all respects, as if the indictment had originally been in the same form in which it was after such amendment was made."

The Commonwealth's motion to amend the bill of indictment is allowed and the defendant's motion to quash is overruled. It is far better that this defendant fulfill his duty toward his illegitimate child than that he be relieved of it on a purely technical plea of a nol pros in a case which in fact did not establish his innocence.