## Commonwealth v. Klaiman

*Frederick B. Smillie,* district attorney, for Commonwealth.

*Desmond J. McTighe* of *Fox & McTighe,* for defendant.

KNIGHT, P. J., April 9, 1942.—Louis Klaiman was indicted on a bill charging him with receiving stolen goods, namely, two adding machines. The Commonwealth produced evidence showing that these machines were stolen from one Joshua Holmes and that they were purchased by defendant from one Jefferson Kane, who has a long record for burglary and larceny. Kane was called as a witness by the Commonwealth and testified that he delivered the machines to defendant at the P. & W. Station, in Norristown, and that defendant knew they were stolen. Defendant admitted he had purchased the machines from Kane but denied that he knew, or should have known, that they were stolen. He also testified that the machines were delivered to him at his place of business in Chester, Delaware

County, and that he did not receive them in Montgomery County.

As there was no denial that the machines were stolen, or that defendant purchased them from Kane, the only two disputed questions of fact were:

Did defendant know the machines were stolen goods?

Were they received in Montgomery County?

The trial judge, writer of this opinion, has always conceived it to be his duty to bring to the attention of the jury all essential issues of fact that may be present in the case they are trying. The trial judge, therefore, called attention to the question of jurisdiction and instructed the jury that they could not convict unless they were satisfied beyond a reasonable doubt that the stolen machines were received in Montgomery County.

Then the trial judge went further and, with the thought in mind of preventing what might be a guilty man escaping the just penalty for his crime through a technicality, told the jury that if they found that the goods were not received in Montgomery County they should bring in a verdict of "not guilty" because of lack of jurisdiction. The jury brought in such a verdict, and the district attorney filed this motion for a new trial.

The reasons assigned in support of the motion are:

1. That the charge of the court was against the law.

2. That the verdict of the jury was against the law.

We have not received a brief from the prosecuting officer, but we gather from his oral argument that the trial judge erred in instructing the jury that they could bring in a special verdict, and that the verdict was against the law, because in criminal cases special verdicts are not permitted or lawful.

It may be questioned if this was a special verdict, but rather an explanation of the general verdict of "not guilty". Assuming however, that it was a special verdict, such verdicts, while rare, are not unknown to

the criminal law and have been held proper: Commonwealth v. Chathams, 50 Pa. 181; Commonwealth v. Channing, 55 Pa. Superior Ct. 510; Commonwealth v. Eichelberger, 119 Pa. 254.

It was also argued that the jury should not be permitted to believe Kane on the question of guilty knowledge and disbelieve him on the question of jurisdiction. There is no merit in this contention. In the first place, it assumes that the jury believed Kane on the question of guilty knowledge, and the district attorney has no knowledge or legal means of knowing what the jury believed as to the guilty knowledge of defendant. In the second place, the evidence was entirely for the jury, and the court has no authority to tell them what portion of it they should or should not believe. In charging the jury in the way he did, the trial judge sought to further the ends of justice and help in the enforcement of the law.

An acquittal in a court not having jurisdiction of the offense is not former jeopardy and is no bar to a subsequent trial in a court which has jurisdiction: 16 C. J. 239, §371.

An acquittal, to bar another prosecution, must be in the county in which the offense was committed. The trial and acquittal in one county of one charged with a criminal offense is no bar to an indictment for the same offense in a different county, unless it appears that the offense was committed in the county in which the acquittal was had: 16 C. J. 240, §372.

If defendant is indicted in Delaware County for the same offense, the Commonwealth will be in a much stronger position than it would be in if the verdict in this case was simply "not guilty". It seems that, if anyone has a right to complain of the instructions given to the jury, it is the defendant and not the district attorney. The trial judge did not direct the jury to bring in the verdict that it rendered. In his charge the jury

were plainly told that they could bring in a verdict of "guilty" or "not guilty", but if they found that the machines were not received in Montgomery County they could and should bring in a verdict of "not guilty" for lack of jurisdiction.

We are of the opinion that there was no error in this instruction and that the verdict of the jury was not against the law.

And now, April 9, 1942, the motion for a new trial is overruled.