Concurring Opinion by
Hoppman, J.:
I concur in the affirmance of the judgment of sentence of the lower court. I deem it necessary, however, to add this further statement of the reasons I think the decision of the Court of Common Pleas was proper.
The facts have been set forth in the opinion of the court below:
“On or about the late evening of December 7, 1968 or the early morning hours of December 8, 1968, [one Jesse Fantozzi] did steal a trailer load of mechandise belonging to Sears Boebuck from a loading platform at a Sears Boebuck warehouse in Philadelphia. . . . He thereupon transported the trailer load of merchandise to a garage or warehouse owned by [appellant] in Bristol Township, Bucks County, Pennsylvania, where the merchandise was immediately unloaded by [appellant] and Fantozzi and stored in [appellant’s] warehouse. Fantozzi then transported the trailer back *381 to Philadelphia where he abandoned same on a city street. Both [appellant] and Fantozzi were arrested and charged with the crimes of burglary, larceny and receiving stolen goods in Philadelphia, arising out of the theft of the trailer. At the trial held before a Judge in Philadelphia without a jury, Fantozzi entered a plea of guilty and the [appellant] was acquitted. They were both indicted on the foregoing charges for the incidents occurring in Bucks County, which indictment gave rise to this trial.
“At the opening of the trial before us, both defendants, represented by separate, privately engaged counsel, entered motions to quash the indictment on the grounds of double jeopardy arising out of the prosecution in Philadelphia. . . . The court granted Fantozzi’s motion to quash the indictment but refused that offered by defendant. Thereupon Fantozzi was called upon to testify and did so on behalf of the Commonwealth, and his testimony together with other corroborative testimony, resulted in the conviction herein.”
Appellant contends that he was found not guilty of the same offenses in a prior trial in Philadelphia, and that he Avas therefore placed in double jeopardy by being tried a second time in Bucks County. The lower court rejected appellant’s claim that he had been subjected to double jeopardy, stating that “[t]he Addict in Philadelphia Avas obviously grounded upon the fact that there was no evidence to show that the [appellant] in any Avay participated in the burglary, larceny or receiving stolen goods connected Avith the original theft of the trailer from the loading dock of Sears Roebuck. There is certainly no finding implicit in that verdict that he was not guilty of the crime of receiving stolen goods when they were delivered to him in Bucks County. The same issues were not litigated in Philadelphia nor is it the same crime.”
*382 It is clear that where a defendant is tried for an offense by a court of competent jurisdiction, a second trial for the same offense would be a violation of the fifth amendment guarantee against double jeopardy, which has recently been held applicable to the states through the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784 (1969).
The questions then before this Court are (1) whether appellant was tried twice for the same offense, and (2) if so, whether he was tried by a court of competent jurisdiction in the first trial.
“Offenses are not the same for purposes of the double jeopardy clause of the 5th Amendment unless the evidence required to support conviction on one of the indictments would have been sufficient to warrant conviction on the other.” United States v. Keresty, 323 F. Supp. 230, 233 (D.C. W.D. Pa. 1971), quoting United States v. American Oil Company, 296 F. Supp. 538, 540 (D.C. N.J. 1969), and cases cited therein.
There are three facts alleged in the indictments which are not the same: (1) the date of the offense, (2) the ownership of the goods, and (3) the county in which the offense occurred.[1] The same evidence would *383 support a conviction on both of the indictments only if these points of difference are immaterial and would not constitute a fatal variance.
While the disparity between the date of the offense and the ownership of the goods in the two indictments is immaterial,[2] the third difference — the county in which the offense occurred — is a more complicated matter. One of the indictments states that appellant feloniously received stolen goods in Philadelphia; while, the other indictment specifies the place of occurrence as Bucks County. If jurisdiction had been proper in both Philadelphia and Bucks counties, the misstatement of the place of the offense would have been an immaterial variance. Commonwealth v. Farrell, 319 Pa. 441, 181 A. 217 (1935). Jurisdiction in Pennsylvania, however, is only countywide, as discussed below. Therefore, the evidence that would have sustained a conviction in Philadelphia would not have been sufficient to prove that appellant had received stolen goods in Bucks County. The offenses for which appellant was tried in Bucks County are entirely separate and distinct from the offenses for which appellant was tried in Philadelphia. The variance between the two indictments is material, and appellant was not tried twice for the same offense.
*384 Even if the two indictments would have constituted the same offense for double jeopardy purposes, the Philadelphia court could not acquit appellant of offenses committed in Bucks County, since the subject matter jurisdiction of our criminal courts could only extend to offenses committed within the county of trial.[3] Commonwealth ex rel. Chatary v. Nailon, 416 Pa. 280, 206 A. 2d 43 (1965); Commonwealth v. Garner, 204 Pa. Superior Ct. 227, 203 A. 2d 333 (1964). It is clear that “[a]n acquittal in a court not having jurisdiction of the offense is not former jeopardy and is no bar to a subsequent trial in a court which has jurisdiction.” Commonwealth v. Klaiman, 46 Pa. D. & C. 585, 587 (1942); see Harrison v. Commonwealth, 123 Pa. 508,16 A. 611 (1889). The decision of Benton v. Maryland, which made the constitutional prohibition against double jeopardy applicable to the states, has not changed this rule.[4]
*385 For the above reasons the appellant has not been placed in double jeopardy by his second trial in Bucks County, and the judgment of the lower court, therefore, should be affirmed.
Spaulding, J., joins in this opinion.

 The third count of appellant’s indictment in Philadelphia County reads as follows: “That, [on or about December 7, 1968], in Philadelphia County, Anthony A. Simeone [and others] feloniously received had or bought [one trailer, quantity of appliances, and merchandise of Capitol Trucking Corporation] which had been stolen and feloniously taken, knowing or having reasonable cause to know, that the property so received was stolen and feloniously taken.”
The Bucks County indictment states that “on or about the 11th day of December 1968, in said County [of Bucks], one Anthony A. Simeone [and another] did unlawfully, feloniously and maliciously receive and take into their possession Kitchen Appliances, Television sets, Toys, Tools, Furniture, Sporting Goods, Notions, Household Equipment, Bicycles and other miscellaneous items being the property of Sears, Roebuck Co. knowing or having reason to know, the same to have been feloniously stolen, taken and carried away.”

 The misstatement of the date of the commission of the crime in an indictment is a mere formal defeet, if it is shown at trial that the offense charged has been committed. As our Court stated in Commonwealth v. Grove, 91 Pa. Superior Ct. 553, 556 (1927), “[t]he Commonwealth is not bound by the date laid in the bill of indictment but can show any date within the statutory period and prior to the finding of the indictment, except in cases where time is of the essence of the offense.” Furthermore, there is no need to discuss the variation in the specification of the owner of the goods which had been stolen. It is apparent that these are in fact the same goods. Both indictments were sufficient in that they alleged that these goods were in fact stolen goods.

 It is necessary to point out that, although there has been confusion as to the concepts of jurisdiction and venue, appellant could not have waived any jurisdictional defects by submitting himself to a trial before a court lacking subject matter jurisdiction. Rule 155(c) of the Rules of Criminal Procedure empowers a court to transfer a case to another judicial district where it appears that venue in the first court is improper. The transfer of venue provisions further permit a trial court to entertain suit where a timely objection to venue is not made. The Rules purport to expand the established jurisdictional limits of the common pleas courts. It is clear, however, that the Rules may not “affect the right of the General Assembly to determine the jurisdiction of any court or justice of the peace. ...” Pa. Constitution, Art 5, §10. Furthermore, it is well-settled that while venue may be waived, jurisdiction may not. Insofar as the transfer of venue provisions of the Rules would expand the jurisdictional base of the courts of common pleas, these provisions would be of no force and effect.

 The rule should not be read, however, to allow the Commonwealth to harass a defendant by multiple prosecutions in courts lacking jurisdiction. As stated by our Supreme Court in Commonwealth v. Mills, 447 Pa. 163, 286 A. 2d 638 (1971), “[second prose *385 cution and punishment for the same offense] destroys finality from the individual’s standpoint and permits the [government] with all [its] resources and power to make repeated attempts to convict, thus subjecting the accused to live in a continuous state of anxiety, insecurity and possible harassment.” In the instant ease, there is no evidence that the Commonwealth wrongfully attempted to subject appellant to trial in a court not having jurisdiction of the offense charged. We therefore believe that the purposes behind the federal prohibition of double jeopardy have not been subverted by appellant’s second trial in Bucks County.