J-E03007-16

2017 PA Super 281

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellant | |
| v. | |
| MARC PERFETTO | |
| Appellee | No. 2479 EDA 2015 |

Appeal from the Order July 13, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0013338-2014

BEFORE:  BENDER, P.J.E., BOWES, J., PANELLA, J., LAZARUS, J., OTT, J.,
STABILE, J., DUBOW, J., MOULTON, J., and RANSOM, J.

CONCURRING OPINION BY MOULTON, J.:  **FILED AUGUST 30, 2017**

I agree with the majority that the trial court's July 13, 2015 order should be reversed, though on different grounds.  I would hold that prosecution of the summary traffic offense in the Philadelphia Municipal Court Traffic Court Division did not bar a subsequent prosecution of the DUI offenses because subsequent prosecution of the DUI offenses was permissible under 18 Pa.C.S. § 112(1).

Section 112 of the Crimes Code provides an exception to the compulsory joinder requirement:

> **§ 112. Former prosecution before court lacking jurisdiction or when fraudulently procured by the defendant**
>
> A prosecution is not a bar within the meaning of section 109 of this title (relating to when prosecution barred by former prosecution for same the offense) through section

111 of this title (relating to when prosecution barred by former prosecution in another jurisdiction) under any of the following circumstances:

(1) The former prosecution was before a court which lacked jurisdiction over the defendant or the offense.

18 Pa.C.S. § 112(1).

I recognize that the cases discussing section 112(1) have addressed the circumstance in which the court presiding over the former prosecution lacked jurisdiction over the offense at issue in that prosecution, which is not the situation here. Those cases concluded that because the former court lacked jurisdiction in the initial prosecution, that prosecution did not bar a subsequent prosecution before a court that did have jurisdiction over both the defendant and the offense. *See Commonwealth v. Schmotzer*, 831 A.2d 689, 696 (Pa.Super. 2003) (finding that prior prosecution in federal court did not bar subsequent prosecution in state court where prosecution of offense was previously dismissed by federal court for lack of jurisdiction); *Commonwealth v. Johnson*, 669 A.2d 315, 318 (Pa. 1995) (discussing section 112(1) and noting that subsequent prosecution on the same charges would not be barred if original court lacked jurisdiction).[1] Nevertheless, I

_____

[1] The comment to section 112(1) states that the section is in accord with existing law and cites two cases: *Commonwealth v. Klaiman*, 46 Pa. D. & C. 585 (C.P. Mont. Cnty. 1942), and *Commonwealth v. Adams*, 26 Pa. D. & C. 380 (C.P. Phila. Cnty. 1936). In *Klaiman*, a Montgomery County jury rendered a verdict of "'not guilty' because of lack of jurisdiction." 46 Pa. D. & C. at 586. The court concluded that this acquittal would not bar a subsequent prosecution in Delaware County, reasoning: "An acquittal in a court not having jurisdiction of the offense is not former
*(Footnote Continued Next Page)*

disagree with the majority's implicit conclusion that section 112(1) applies only to that set of circumstances.

Under the plain language of section 112(1), a subsequent prosecution is not barred where the court presiding over the "former prosecution," while it had jurisdiction over that matter, lacked jurisdiction over the "offense" to be prosecuted in the subsequent prosecution. Here, the court presiding over the first prosecution, the Philadelphia Municipal Court Traffic Division, lacked jurisdiction over the DUI offenses. *See* 42 Pa.C.S. § 1121(c)(3) ("The Traffic Division shall, at the direction of the President Judge of the Philadelphia Municipal Court, exercise jurisdiction under section 1123(a)(9)"); 42 Pa.C.S. § 1123(a)(9) ("Prosecutions for summary offenses arising under: (i) Title 75; or (ii) an ordinance of a political subdivision enacted pursuant to Title 75."). Accordingly, I would conclude that the prosecution for the summary traffic offense in the Philadelphia Municipal Court Traffic Division did not bar a subsequent prosecution for the DUI offenses in the Philadelphia Municipal Court General Division.[2]

_(Footnote Continued)_ ——————————

jeopardy and is no bar to a subsequent trial in a court which has jurisdiction." *Id.* at 587. In *Adams*, the court concluded that the voluntary withdraw of proceedings in Chester County did not bar a subsequent prosecution in Philadelphia County for fornication, bastardy, and neglecting and refusing to contribute reasonably to support of child born out of wedlock where child was born in Philadelphia. 26 Pa.D. & C. at 381-82.

[2] I agree with my dissenting colleagues that the Philadelphia Municipal Court General Division has jurisdiction over both summary traffic offenses and DUI offenses. Dissenting Op. at 5-6. This is different from other

_(Footnote Continued Next Page)_

Further, this "plain meaning" interpretation of section 112(1) is consistent with the purposes of the compulsory joinder rules. This Court has stated:

> The policies served by the statute are two-fold: to protect accused persons from governmental harassment of undergoing successive trials for offenses stemming from the same episode, and to promote judicial economy and finality by avoiding repetitious litigation. **Commonwealth v. Anthony**, 553 Pa. 55, 717 A.2d 1015, 1018–19 (1998). "By requiring compulsory joinder of all charges arising from the same criminal episode, a defendant need only 'once run the gauntlet' and confront the awesome resources of the state." **Commonwealth v. Hude**, 500 Pa. 482, 458 A.2d 177, 180 (1983).

**Commonwealth v. George**, 38 A.3d 893, 896 (Pa.Super. 2012).

Here, the position taken by the trial court advances neither objective. The judicial structure at issue, which limits the jurisdiction of the Traffic Division to summary offenses, is designed to promote judicial economy. Further, the process of prosecuting summary traffic offenses separately from

---

*(Footnote Continued)* _____

Pennsylvania jurisdictions with traffic courts, where summary traffic offenses, by statute, must be prosecuted in a proceeding separate from misdemeanor and felony offenses. **See** 42 Pa.C.S. § 1302(a), (b). With respect to section 112, however, I believe that this is a distinction without a difference. In both situations, the court presiding over the first prosecution – that is, the judge assigned to preside over the summary traffic offense – lacked jurisdiction over the offense at issue in the subsequent prosecution. Accordingly, because the "court" presiding over the prosecution of the summary traffic offense – the judge assigned to the Philadelphia Municipal Court Traffic Court Division – lacked jurisdiction over the DUI offenses, I believe that section 112(1) permits a subsequent prosecution of the DUI offenses by the Philadelphia Municipal Court General Division.

more serious offenses is not likely to constitute the sort of "harassment" that compulsory joinder is designed to prevent.[3]

Accordingly, I respectfully concur in the result reached by the majority to reverse the trial court's order.

Judge Ott joins this concurring opinion.

_____

[3] Further, although the compulsory joinder rule is intended to prevent harassment, such that the defendant "need only 'once run the gauntlet' and confront the awesome resources in the state," joinder is not always required where the criminal acts resulted from the same criminal episode. Indeed, in **Commonwealth v. Fithian**, 961 A.2d 66 (Pa. 2008), our Supreme Court found that subsequent prosecution of drug offenses in Delaware County was not barred by a prior prosecution of related drug offenses in Montgomery County. The Court reasoned:

> While it may be true that all the charges could have been brought in Montgomery County, this is not the proper analysis. Section 110 is a statute of preclusion due to a former prosecution. As noted above, the proper analysis, pursuant to our interpretation of Section 110(1)(ii), focuses upon whether the offense occurred within the same judicial district. As these offenses took place solely within Philadelphia County, they did not occur "within the same judicial district as the former prosecution," Montgomery County. Therefore, the Delaware County prosecution for the charges of possession of a controlled substance, possession with intent to deliver, and possession of drug paraphernalia, is not barred by the compulsory joinder statute.

*Id.* at 79.