199    351
31 SC  315

## Commonwealth ex rel. *v.* Krickbaum, Appellant.

*Public officers—County commissioners—County treasurer—Surety.*

A county commissioner may legally become a surety on the official bond of a county treasurer.

A county commissioner is not a councilman, burgess or a director or trustee or manager of a corporation within the meaning of the 66th section of the penal code of March 31, 1860.

Not decided whether a county is a corporation within the meaning of the act of March 31, 1860, sec. 66.

Argued April 17, 1901.    Appeal, No. 116, Jan. T., 1901, by

defendant, from judgment of C. P. Columbia Co., Dec. T., 1900, No. 6, on quo warranto in case of Commonwealth ex rel. John G. Harman, District Attorney, v. William Krickbaum. Before McCollum, C. J., Mitchell, Brown, Mestrezat and Potter, JJ. Reversed.

Quo warranto against a county commissioner. Before Halsey, J., specially presiding.

The facts are fully stated in the opinion of the Supreme Court.

*Error assigned* was the judgment of ouster entered by the court.

*H. M. Hinckley,* with him *C. A. Small* and *W. H. Rhawn,* for appellant.—The act of 1860 does not forbid a county commissioner becoming surety on the bond of a county treasurer.

It is highly penal, and therefore should be strictly construed. There should be no inferences as to the meaning of this section. The legislature has said what they mean, and what is not clearly expressed in the language used, was not intended. Naming certain officers, the section excludes from its provisions all not named. The terms of the section cannot be enlarged by judicial interpretation, nor officials included by such interpretation, who are not plainly and clearly included by its language: Com. v. Christian, 9 Phila. 556 ; Trainer v. Wolfe, 140 Pa. 280; Warner v. Com., 1 Pa. 154.

It has been clearly and definitely determined that a county is not a corporation, a municipality or public institution, in the sense used in the 66th section of the act of March 31, 1860: Freeze v. Columbia County, 6 W. N. C. 146 ; Funk v. Washington Twp., 13 Pa. C. C. Rep. 387 ; Union Township v. Gibboney, 94 Pa. 534; Com. v. Beamish, 81 Pa. 390.

*Grant Herring,* with him *John G. Harman,* for appellee.—To reverse the judgment in this case the court must reverse Commonwealth v. Morrisey, 86 Pa. 416.

A county is a political division of a state—an agency instituted by the sovereign for the purpose of carrying out in detail the objects of the government. It is, therefore, in the strictest and most technical sense, a public corporation: Com. v. Mor-

risey, 86 Pa. 416; Culp v. Com., 109 Pa. 363; Lamoreux v. Luzerne County, 116 Pa. 199; Chester County v. Brower, 117 Pa. 655; Eyster v. Rineman, 11 Pa. 150; Twp. of Cumru v. Directors of the Poor of Berks County, 112 Pa. 271.

A county commissioner is a trustee, manager or director of a corporation or municipality within the meaning of the act: Van Kirk v. Clark & Graham, 16 S. & R. 289; Schwamble v. Sheriff of Allegheny County, 22 Pa. 19; County of Lawrence v. Leonard, 83 Pa. 210.

OPINION BY MR. JUSTICE MESTREZAT, May 13, 1901:

Jeremiah Snyder was elected treasurer of Columbia county on November 6, 1899, for the term of two years, commencing on the first Monday of the following January. On December 11, 1899, he executed and delivered to the commonwealth a bond in the sum of $15,000 for the faithful discharge of his duties. On January 4, 1900, he gave to the commissioners of Columbia county a bond in the sum of $60,000 conditioned for the faithful performance of his official duties. William Krickbaum, the respondent and appellant, is one of the sureties on each of said bonds. In November, 1896, Krickbaum was elected to the office of county commissioner of Columbia county and entered upon the duties of his office the first Monday of January, 1897, for the term of three years. In November, 1899, he was re-elected to said office and entered upon its duties the first Monday of the following January. At the time of becoming surety on said bonds he was, therefore, a county commissioner of Columbia county.

At the instance of T. J. Vanderslice, Esq., the district attorney of Columbia county presented a suggestion to the court of common pleas of that county, setting forth the above and other reasons for a quo warranto against the respondent, and the writ was duly awarded against him to show by what authority he claimed to exercise the office of county commissioner of said county. The respondent filed an answer to the suggestion, admitting the facts above recited but denying the other allegations of the suggestion. The relator demurred to the answer so far as it admitted the facts, and moved the court for judgment of ouster against the respondent. The demurrer was sustained, and on March 11, 1901, judgment was entered

against Krickbaum, ousting him from the office of county commissioner of Columbia county. On the same day the court below issued an injunction against the respondent, restraining him from exercising the office of county commissioner and from retaining in his possession the books and papers of said office. The action of the court in entering the judgment of ouster and in issuing the injunction is assigned for error.

The pleadings raise but a single question for consideration and that is, whether a county commissioner can legally become a surety on the official bond of a county treasurer. This involves a construction of the 66th section of the penal code of March 31, 1860, the part thereof material to this issue being as follows : " It shall not be lawful for any councilman, burgess, trustees, manager or director of any corporation, municipality or public institution, to be, at the same time, a treasurer, secretary or other officer, subordinate to the president and directors, who shall receive a salary therefrom, or be the surety of such officer ; . . . . and any person violating these provisions, or either of them, shall forfeit his membership in such corporation, municipality or institution, and his office or appointment thereunder, and shall be held guilty of a misdemeanor, and on conviction thereof, be sentenced to pay a fine, not exceeding five hundred dollars."

It was contended by the appellee and so held by the court below that the statute applied to the case in hand and that the act of the respondent in becoming surety for Jeremiah Snyder, the county treasurer, offended against its provisions. The learned judge, specially presiding, held that a county commissioner comes within the designation of a " councilman, burgess, trustee, manager or director " in contemplation of the act, and that a county is a corporation within the terms of the statute.

We do not agree with the trial judge that a county commissioner is included in the officials designated in this section of the act of 1860. If we correctly apprehend the position of the learned judge it is that a county commissioner is a " trustee " for the county which he holds is a corporation in contemplation of the statute. It is quite clear that a county commissioner is not a councilman, burgess or director of a corporation within the intendment of the statute. Hence, if subject at all to the provisions of the act, it must be as a trustee or manager of the

county as a corporation. In our judgment there can be no substantial basis on which such a construction can rest. It is true that county commissioners are the agents, trustees and managers of the county and its financial affairs. They act in a fiduciary capacity, and the money of the county is expended on orders drawn by them on the county treasurer. They have the custody and control of the property of the county and conduct all its litigation. They exercise all the corporate powers of the county. These are some of the powers and duties that pertain to the office of county commissioner. But the act does not subject parties to its provisions because they possess these powers or exercise these and other prescribed duties, but because they are included among the officials therein designated. It is, therefore, as one of the class of officers named in the statute that any person is forbidden to become surety for another and is made subject to penalties for violating its provisions.

The office of county commissioner is, as has been said, coeval with the settlement of the country and is recognized in and exists under the present constitution of the commonwealth. Any person familiar with the offices and affairs of the counties of the state knows of the office and the general duties of a county commissioner. It is as distinctive, definite and well understood as the office of councilman or burgess. It, therefore, cannot be presumed that the legislature when it passed the act in question did not know of this office which is as old as the state itself. On the contrary, it must be assumed that the legislature knew of the office and its duties and intentionally excluded it from the provisions of the act. As easily could the legislature have prohibited from becoming surety on an official bond and named as subject to the penalties imposed by the statute a county commissioner by his official title as a councilman or a burgess. Unless it was the intention of the lawmaking power, no reason can be assigned why a county commissioner was not included in the act. Naming the officials set out in the statute shows conclusively the legislative intent to exclude all other officials. Expressio unius est exclusio alterius.

We are dealing with a highly penal statute and, as said by this court of the section in question, we cannot for this reason

extend it by implication beyond its precise meaning. The construction we have given the act conforms to this well established rule of interpretation. It is not for the courts to extend the act to county commissioners or to other officials for reasons that moved the legislature to make the statute applicable to the officials therein designated. Those reasons, doubtless, were as convincing why a county commissioner should have been included in the provisions of the statute as why a councilman or burgess should have been made subject to the act, but it is not the reasons that impelled the legislature to pass the act, nor the meaning or spirit of the statute that controls its interpretation and determines whether the respondent is within its terms. The fact that the language of the act does not clearly include the office held by the respondent excludes him from its operation.

In support of his position, the learned trial judge cites and relies upon Commonwealth v. Morrisey, 86 Pa. 416. He evidently confounds the language of the two sections of the act. It was there held that the treasurer of a school district was a township or municipal officer within the terms of the 65th section of the act of March 31, 1860, which prohibits under certain penalties "any state, county, township or municipal officer," charged with the collection and disbursement of public money, from converting it to his own use. If the 66th section had made it unlawful for any city, borough or county officer, instead of any councilman, burgess, trustee or manager to do the acts therein named, the case cited would have been applicable and controlled the construction of that section. But instead of using the broad language of the 65th section and making it applicable to any " state, county, township or municipal" officer, the language of the section confines it to certain designated officers of a city, borough, corporation, municipality or public institution.

The view we entertain of the case makes it unnecessary to determine whether a county is a corporation within the meaning of the act. This question becomes immaterial if a county commissioner is not subject to its provisions.

The assignments of error are sustained, the judgment is reversed, the injunction is dissolved and judgment is entered for the respondent on the demurrer.