# Commonwealth *v.* Grove, Appellant.

*Criminal law—Indictment—Time.*

The Commonwealth is not bound by the date laid in the bill of indictment, but can show any date within the statutory period and prior to the finding of the indictment, except in cases where time is of the essence of the offense.

If the jury is satisfied that the witnesses are mistaken as to the particular date mentioned, and is also satisfied beyond a reasonable doubt that the offense was committed on some day about that time, that is sufficient so far as the day is material, and may warrant a conviction.

*Criminal procedure—Additional instructions to the jury in the absence of defendant—Adjournment.*

It is reversible error for the trial judge, after adjournment of court, to give supplemental instructions to the jury in the absence of defendant and his counsel and without notice to either. A person under trial for a crime is not bound to remain in the court room after the court has adjourned; he has a right to presume that no further instructions will be given to the jury, either there or elsewhere, during adjournment. No waiver or consent can be implied from his absence under the circumstances.

Commonwealth *v.* House, 6 Pa. Superior Ct., 92, followed.

Argued October 10, 1927. Appeal No. 780, April T., 1928, by defendant from judgment of Q. S. Cambria County, March Sessions, 1927, No. 149, in the case of Commonwealth of Pennsylvania v. Dr. W. W. Grove. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ. Reversed.

Indictment for administering drugs and use of instruments with intent to procure a miscarriage. Before EVANS, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict of guilty upon which judgment of sentence was passed. Defendant appealed.

*Errors assigned,* among others, were refusal of various points for charge.

*Philip N. Shettig,* and with him *Robert C. Hoerle,* for appellant.

*Clarence E. Davis,* 1st Assistant District Attorney, and with him *D. P. Weimer,* District Attorney.

OPINION BY PORTER, P. J., November 21, 1927:

The appellant was convicted in the court below upon an indictment which charged, in several counts, administering drugs with intent to procure the miscarriage of a woman, and use of instruments with like intent; the only date laid in the indictment being September 6, 1926. The court overruled a motion for a new trial and imposed sentence, whereupon the defendant appealed.

The evidence produced by the Commonwealth, as to the dates when the drugs were administered and the instruments used, consisted chiefly of the testimony of two witnesses as to the dying declarations made by the woman, who was the alleged victim of the malpractice. It is contended by the appellant that the dates were definitely fixed by the dying declaration and that if the drugs were not administered on the 6th of September, 1926, and the instruments used on September 9, 1926, that there was no evidence in the case which would have warranted a finding that the offenses, respectively, were committed on any other day. One of the witnesses testified that, in making her declaration, she was not positive as to the correctness of the dates which she named, that she said that the drugs were administered to her by the defendant on September 6th. "Then she commenced to mention something about a carnival and she said 'I feel that is the date, because there was a carnival or something out at Hooversville'." With regard to the date when the instruments were used, the testimony of this witness was that: "She said she returned the following Thursday evening—she said she thought it was the

following Thursday—that she went in to the doctor and the doctor (this defendant) took her into the backroom" and then used the instruments. The other witness did not hear all of the dying declaration, but did hear the part referring to the use of instruments and testified that the dying woman fixed the date of the second visit to the office of the defendant, being the date when the instruments were alleged to have been used, as Thursday, September 9th. The defendant denied the commission of the offense and also set up an alibi, calling witnesses to prove that he was otherwhere on both September 6th and September 9th. He submitted points requesting the court to charge that unless the jury believed that the defendant administered pills or other drugs to the woman on Monday, September 6, 1926, there could be no conviction on that count of the indictment, and that unless the jury believed that the defendant made use of instruments upon the person of the woman on Thursday, September 9, 1926, there could be no conviction on the count of the indictment charging that offense. The court refused to so charge and charged the jury that if they were satisfied beyond a reasonable doubt that the woman was mistaken in her recollection as to the dates when the particular offenses were committed, and that the offenses were committed by the defendant on some other day about that time, they might find a verdict of guilty. These rulings are the foundation of the first, second and third assignments of error. The evidence disclosed that this dying declaration was not made until the 1st of October, 1926, at which time the woman was critically ill; she may have been mistaken as to the exact day of the month upon which events occurred about three weeks in the past. The testimony of one of the witnesses as to the dying declaration would seem to indicate that the woman was not absolutely certain as to the precise day of the month upon which the offenses were committed, but that she be-

lieved she was giving the correct dates; as to the second visit "she said she thought it was the following Thursday." The Commonwealth is not bound by the date laid in the bill of indictment but can show any date within the statutory period and prior to the finding of the indictment, except in cases where time is of the essence of the offense: Com. v. Powell, 23 Pa. Superior Ct. 370; Commonwealth v. Major, 198 Pa. 290. If the jury are satisfied that the witnesses are mistaken as to the particular date mentioned, but are satisfied beyond a reasonable doubt that the offense was committed on some other day about that time, that is sufficient so far as the day is material, and will warrant a conviction: Com. v. Snow, 116 Mass. 47. The first three assignments of error are overruled.

The fourth assignment of error presents a more serious question. After the jury had retired, a written communication was sent by them to the trial judge in his chambers, the court not being then open, which made inquiry as to whether or not the jury might acquit on some counts in the indictment and convict on others. The trial judge wrote a reply on the same paper sent down by the jury, stating that, either or both the defendants might be acquitted or convicted on any or all of the counts in the respective indictments' except the first. This paper was not preserved and is, therefore not now available. The above further instruction to the jury was not submitted to counsel for the defendant, nor was it given to the jury in the presence of either the defendant or his counsel. At the time the inquiry was sent in by the jury, counsel for the defendant were in the attorneys' room, adjoining the court room, and could have been called, but were not called in. Neither defendant nor his counsel knew anything about such communication between the judge and jury until after the verdict had been rendered. Knowledge that the instruction had been given was communicated to the defendant or his counsel by

one or more of the jurors and a petition was thereupon presented to the judge for a rule. The judge frankly admitted that the statement of the jurors was correct and it was thereupon agreed that the judge should make a statement of what had occurred, and submit it to counsel for the defendant for their approval, and if approved, should be filed and become part of the record. The judge thereupon prepared a statement, which was approved by counsel for the defendant, and filed as part of the record. That statement embodied the facts above set forth.

The question presented by this assignment of error is ruled by the decision of this court in Commonwealth v. House, 6 Pa. Superior Ct. 92; a decision not cited in the briefs of counsel in this court, nor was it called to the attention of the court below. The facts there involved were in no essential particular different from those in the present case. It was there held, in an opinion by President Judge Rice, that, for a judge to privately give instructions to the jury, when the court was not open and neither defendant nor his counsel were present or had notice of the communication between the court and jury, amounted to a denial of the constitutional right of the defendant. " 'In all criminal prosecutions, the accused hath a right to be heard by himself and his counsel, to demand the nature and cause of the accusation against him, to meet the witnesses face to face' is the language of our Declaration of Rights, and by fair implication it secures the right to be present, not only when the witnesses are testifying, but also when the jury are being instructed as to their duties, and as to the facts and law of the case. For, how can he be heard, if neither he nor his counsel has an opportunity to be present? To deprive him of this privilege is, of itself, error, if the instructions, although free from error, might have influenced the verdict against him. Such error cannot be wholly cured by putting the instructions in writing after the

rendition of verdict and allowing the defendant an exception; for, if he or his counsel had been present, explanatory instructions might have been asked and given, which, for aught we know might have produced a different result. This consideration, alone, shows the importance of the right secured to the accused, if, indeed, argument be needed to prove it." In that case, as in this, there was not the slightest evidence or intimation that the learned and impartial trial judge intended to deprive the defendant of any legal right, yet it was held that the practical effect of calling the jury into the court room, after the court had regularly adjourned for the day and then advising them as to their duties as jurors, and instructing them as to the law of the case, in the absence of the defendant and his counsel, and without any effort to notify them to be present, was to deny the defendant the right to be present. This defendant was not bound to remain in the court room after the court had adjourned; he had a right to presume that no further instruction would be given to the jury, either there or elsewhere, during the adjournment. No waiver or consent can be implied from his absence under the circumstances. The instructions given in the House case were not in themselves erroneous, but the judgment was reversed because of the manner in which the instructions were given. The question was so carefully considered and so ably dealt with by President Judge Rice in his opinion in that case, as to render further discussion unnecessary. The same result was reached by the Supreme Court of the United States in the recent case of Shields v. United States, not yet reported, which followed the principle laid down in Fillipon v. Albion Slate Co., 250 U. S. 76. The fourth assignment of error is sustained.

The judgment is reversed and a venire facias de novo awarded.