## Commonwealth v. Salyards.

*Stewart M. Cunningham,* for plaintiff.

*Charles B. Prichard* and *John C. McGinnis,* for defendant.

GRAY, J.—The relator seeks to have the respondent ousted from office as a councilman of the Borough of Pitcairn. The suggestion alleges that the respondent, when he was a councilman of the Borough of Pitcairn, became one of a number of sureties on the bond of the treasurer of said borough, and the relator, therefore, asserts that under section 66 of the Act of Assembly of March 31, 1860, P. L. 400, respondent has forfeited his office of councilman. Section 66 of said act of assembly reads as follows:

"Incompatible offices—Officers not to be interested in contracts. It shall not be lawful for any councilman, burgess, trustee, manager or director of any corporation, municipality or public institution, to be at the same time a treasurer, secretary or other officer, subordinate to the president and directors, who shall receive a salary therefrom, or be the surety of such officer, nor shall any member of any corporation or public institution, or any officer or agent thereof, be in anywise interested in any contract for the sale or furnishing of any supplies, or materials to be furnished to, or for the use of any corporation, municipality or public institution of which he shall be a member or officer, or for which he shall be an agent, nor directly nor indirectly interested therein, nor receive any reward or gratuity from any person interested in such contract or sale; and any person violating these provisions, or either of them, shall forfeit his membership in such corporation, municipality or institution, and his office or appointment thereunder, and shall be held guilty of a misdemeanor, and on conviction thereof be sentenced to pay a fine not exceeding five hundred dollars: Provided, that nothing in this section con-

tained, shall prevent a vice president of any bank from being a director of such bank, or of receiving a salary as vice president."

The suggestion does not contain an averment that the treasurer of the borough receives a salary therefrom, and it may be inferred from the briefs of counsel that it is a fact that the treasurer on whose bond the respondent became one of the sureties did not and does not receive a salary.

The respondent demurs for a number of reasons, the chief one being that the suggestion does not allege that the treasurer of the borough receives a salary from the borough, and the demurrer alleges that he did not receive a salary. The demurrer also sets out the reason that the respondent is only one of a number of sureties and not the surety, and the suggestion does not allege that he was a paid surety.

We are of opinion that all the reasons mentioned in the demurrer are insufficient except the first; that is, that the suggestion is insufficient because it does not aver that the treasurer received a salary. We think this reason is sufficient, and the demurrer must be sustained on that ground.

Counsel have referred us to but two cases construing section 66 of the Act of March 31, 1860. One of these is Com. v. Allen, 70 Pa. 465, in which case a councilman of a city was ousted from his office because he had become one of a number of sureties on the bond of the city treasurer. There is nothing in the report of this case to show that there was any allegation in the suggestion as to whether the city treasurer received a salary or not, but it may be presumed that he did, and that fact was accepted in making the decision. While the Supreme Court used rather sweeping language declaring the act of assembly in question made it unlawful for any councilman of any corporation or municipality to be the surety for the treasurer of any municipality, we do not think that case rules the present one, for the reason that the facts are dissimilar.

The other case referred to us is Com. v. Krickbaum, 199 Pa. 351, in which the Supreme Court declared that this act is highly penal and cannot be extended beyond its precise meaning.

The case turns on the construction of the section of the act of assembly referred to, which declares it shall not be lawful for any councilman of a municipality "to be at the same time a treasurer, secretary or other officer, subordinate to the president and director, who shall receive a salary therefrom, or be the surety of such officer." Counsel for the relator contends that these words mean that a councilman of a borough cannot be surety for a treasurer or secretary of the borough under any circumstances, whether the treasurer or secretary receives a salary or not, and that the words "who shall receive a salary therefrom" refer only to other officers of the borough, subordinate to the president and director, and that these words do not apply to the treasurer or secretary at all; that is, that these words of the act create two classes of officers for whom a councilman cannot be a surety; that is, a treasurer or secretary in one class, and other officers of the borough who receive a salary therefrom in another class. Counsel for the respondent maintains that the words "who shall receive a salary therefrom" refer to a treasurer and secretary as well as to other officers, and we have concluded this is a correct construction of this portion of the section of the act in question. In our opinion, the plain meaning of the words involved is that a councilman of a borough cannot lawfully become the surety for a treasurer, secretary or other officer of a borough, subordinate to the council, who receives a salary from the borough, and that this prohibition extends to all such officers alike. It seems to us that the grammatical setting of the words makes such a con-

clusion necessary, and that otherwise the words "or be the surety of such officer" would not apply to a treasurer or secretary at all, but only to other officers subordinate to the council and receiving a salary from the borough. Manifestly this is not what was intended. It may be true that a limitation of the act to the case of officers mentioned who receive a salary from the municipality defeats its purpose to some extent, as declared in Com. v. Allen, supra. There is perhaps as much reason why a councilman should not be surety for a treasurer who does not receive a salary as there is that he should not be surety for one who does receive a salary, but we are limited to a strict construction of the act, and if the legislature saw fit to limit the prohibition against a councilman being a surety to officers who receive a salary, we must limit the act accordingly, and we think the legislature did so limit it, and will, therefore, sustain the demurrer.

### Order.

And now, to wit, July 13, 1928, the demurrer of the respondent to the suggestion of the Commonwealth is sustained unless the relator, within fifteen days from the date of this order, amends the petition to aver that the treasurer for whom the respondent was one of the sureties received a salary from the borough.                                    From William J. Aiken, Pittsburgh, Pa.