## Commonwealth v. Force.

*E. P. Little*, District Attorney, for Commonwealth.

*F. A. & E. L. Davies*, for respondent.

SMITH, P. J., July 23, 1928.—The defendant was found guilty generally under an indictment of two counts; one charging assault and battery, and the other assault and battery with intent to commit rape, both upon the person of Esther Muss, a minor, but above the age of sixteen years.

While we have no doubt that the information of the assault and battery, under the statute, is a necessary ingredient of the attempt to carnally know the female, *i. e.*, that "forcibly and against her will" the defendant sought to commit the major offense, a verdict of guilty upon the second count denominating this offense would obviously include guilty upon the first count of an assault and battery.

It is equally true that the defendant might be found guilty of such violence inflicted for the purpose of obtaining sexual intercourse, *i. e.*, with the intent to commit rape under the second count. This principle, no doubt, moved the learned attorney for the defendant to present his third request for special charge to the jury, which we quote: "If you find from the evidence that the defendant did lay hands on the prosecutrix, as she alleges, but only with the intent to gain her consent to sexual intercourse, then you must find the defendant not guilty of assault with intent to commit rape."

In this connection, we note that our refusal to affirm this point was not filed as one of the original assignments of error, but it was only presented with briefs of argument and our consideration of it requested, which we cheerfully accord for two reasons: First, that it appears that in our order granting rule for new trial there was not incorporated any limitation as to time for filing reasons, which was our oversight; and, second, we are always willing to correct any substantial error necessary to effect justice.

In the haste of the trial, we were of the opinion that the point was not applicable to the facts of the case as developed by the evidence, and were in the attitude of mind as expressed by Butler, P. J., as to an analogous proposition in Com. v. Jackson, 24 Dist. R. 831. This learned jurist in that case, in granting a new trial, where the charges against the defendant were the same as at bar, indicates his opinion that the force used by the defendant upon the female might be of the character and purpose only to secure consent to sexual intercourse, rather than to consummate his purpose against consent, and it was the province of the jury under all the evidence to determine the question.

The constituents necessary to be proven of the crime of assault and battery by one upon a female "with intent to commit rape," under the 92nd section of the Crimes Act of March 31, 1860, P. L. 405, are: *(a)* That assault and battery must have occurred; *(b)* the "intent" of the defendant to commit the major offense; *(c)* both "forcibly" and against the will of the female.

It is to the above requisites *(b)* and *(c)* that the assignments of error now being discussed are related; their proper legal interpretation implies that the violence or force applied must overcome the will or consent of the female; the language is not only "forcibly," but "against her will," and in the interpretation of an act of assembly, we are controlled by the rule that, "In the absence of doubt or authority, the court will give effect to the plain meaning of the words used by the legislature according to their common interpretation:" Com. v. Krickbaum, 199 Pa. 351, and other citations: 8 Vale Digest, 24852; or "The maxim is that, in the absence of authority, no exposition of a statute shall be made which is opposed to the express words:" Reimer Harrow Co. v. Rosenberger, 16 Phila. 191. Again, "It is always unsafe to depart from the plain and literal meaning of words, out of some supposed intent, which would prevent their application to a given subject:" Pittsburgh v. Kalchthaler, 114 Pa. 547. And this rule applies to the language just quoted from the statute associated and related in the text.

While it may be and is difficult to conceive that "willingness" of the female to submit to such violation of her chastity by any degree of "force," resulting in an assault and battery, and at the same time negative the "intent" of the defendant to actually thereby consummate his original purpose. But when we consider the nature of the evidence of Esther Muss, the prosecutrix, and the only witness on the part of the Commonwealth testifying to the alleged overt acts of the defendant, that such act occurred upon the Lackawanna Trail, a prominent State highway much traveled and in the daytime, and of which the defendant had knowledge, living near this highway and almost daily going upon it, and presumably cognizant of the fact that at any moment other travelers upon it might pass along and witness his conduct; further, that the force used, viz., seizing the prosecutrix and placing his hands upon parts of her body as she described, using language not of threat to violate her chastity, but requesting that she "give him a piece," we believe it competent for the jury to consider and decide whether from these facts, assuming their belief of them, it was not the purpose of the defendant to abandon fur-

ther force or violence should he not then secure her consent to sexual intercourse, rather than consummate it by actual and continual physical force "against her will."

It is a question of nice discrimination and fine distinction, but we are of the opinion, supported by the language of the statute under the authorities we have cited, that while, without the third point submitted, had we omitted, as was the case, to so instruct the jury in our general charge, it would not have been reason for a new trial, our refusal to affirm the point compels us to the conclusion that a new trial should be granted.

The only near direct authority for our position is that submitted by the learned attorney for the defendant from the Court of Appeals of Texas, viz., Walton v. State, 15 S. W. Repr. 646, where it appears a defendant was prosecuted under a Texas statute for the crime of "burglary with intent to commit rape." The court interpreted "rape by force," used in the Penal Code of the state, as "carnal knowledge of a woman, obtained by force without her consent," and defines the meaning of the term "force" as "such force as might reasonably be supposed sufficient to overcome resistance, taking into consideration the relative strength of the parties and other circumstances of the case;" thus, statutory "force" is an essential constituent of the full and complete substantive offense of rape, and where a party is charged with an attempt to commit rape, he is charged with intending to use such "force," and the jury must be instructed that they must find that he intended to use such force before they can convict him, and quoting from the Supreme Court of Iowa: "The gist of the offense charged is the intent with which the act is done; defendant must have intended to commit rape. To constitute such intent, he must have had a purpose not only to have sexual intercourse with the prosecutrix, but must have intended also to use whatever degree of force might be necessary to overcome her resistance and accomplish his object. Rape is defined as 'the having unlawful sexual knowledge of a woman by force against her will,' and intent to commit the crime includes an intent to overcome the resistance of the woman and accomplish the connection by force."

Thus deciding, it is unnecessary to discuss the remaining assignments of error; however, because of request of defendant's attorney appended to additional reasons this day filed, we feel called upon to notice in a general way the assignment relating to our additional instructions to the jury at their request after retirement to consider their verdict.

The notes of testimony filed show that the jury first retired for deliberation upon their verdict at five o'clock P. M., Aug. 11, 1926, the usual time of adjournment for the day, but not then so adjourned, but continued in session until actually adjourned, as the clerk's minutes will show, at "8.10 P. M." Quoting "court adjourned at 8.10 P. M. to call Thursday, Aug. 12, 1926, at 9 o'clock A. M."

Again referring to stenographer's transcript of testimony, it is stated: "And now, Aug. 11, 1926, 7.40 P. M., the jury came in for additional instructions." Then immediately following and as part of the certified copy of notes of testimony and charge of court filed in the clerk's office Sept. 11, 1926, is a transcript of the "additional instructions" given. Making it apparent that such were given in open session of court and not as in Com. v. House, 6 Pa. Superior Ct. 92, and Com. v. Grove, 91 Pa. Superior Ct. 553, after adjournment and not while court was actually convened; or in Fillippon v. Albion Vein Slate Co., 250 U. S. 76; 39 Sup. Ct. Repr. 435, where the "additional" instructions were in writing sent out by the trial judge to the jury at their jury-room. But whether the absence from the court-room of both defendant

at bar and his counsel when our supplemental instructions were given to the jury under the circumstances above stated was an error prejudicial to the defendant we do not now decide.

*Order.*—And now, to wit, July 23, 1928, motion for arrest of judgment overruled. Rule for new trial made absolute for the one reason only: of our error in not charging the jury as requested in defendant's third point.

From Gerritt E. Gardner, Montrose, Pa.