418

## Commonwealth, ex rel., v. Ilgenfritz

*Walter G. Groome*, district attorney, for petitioners.

*Elizabeth McCullough* and *Caleb S. Brinton*, for respondent.

REESE, P. J., April 27, 1936.—In this proceeding to oust Charles Ilgenfritz, the respondent, from his seat as a member of the school board of the school district of the Borough of Mount Holly Springs, the matter comes before the court on petition and answer, no replication having been filed and no testimony taken. Under such circumstances, in view of the fact that the case was placed on the argument list by counsel for the relator, the facts set forth in the answer must be taken as admitted, as well as the facts averred in the petition which are not denied: Kelly et al. v. International Clay Products Co., 291 Pa. 383; Welmet Building & Loan Assn. v. Matchica, 310 Pa. 275; Hober's Estate, 118 Pa. Superior Ct. 209.

From the pleadings, therefore, it appears that the respondent was elected a member of the school board in 1931, and has been since acting in that capacity. At the time of his election and until the present time the respondent has been an employe of the Metropolitan Edison Company. Prior to the respondent's election the school board had entered into a contract with the Metropolitan Edison Company for the furnishing of electric current

to the school buildings of the district. During the respondent's term of office the buildings have been rewired so that more current has been consumed. As the original contract was upon a sliding scale, this resulted in increased payments to the company, but at a lower rate. The contractual relation between the company and the school board was not a contract in the usual sense of the term, but was rather an agreement between the parties by which current was furnished in accordance with the schedule of rates filed by the company and approved by the Public Service Commission. No other source of current was available to the school district. During the respondent's term of office the school district has purchased certain high-power electric bulbs from the company and paid for the same the purchase price, amounting to only a few dollars. The bulbs were not readily obtainable in the borough, and to have required the board to purchase them elsewhere would have involved unnecessary expense and delay. There is nothing in the pleadings to show that the respondent was financially interested in either of the foregoing transactions, inasmuch as he received a salary from the company and received no commission or any other special remuneration on account of the furnishing of current or the sale of bulbs.

The relator relies upon section 66 of the Act of March 31, 1860, P. L. 382, 18 PS §1823, which provides: "It shall not be lawful for any councilman, burgess, trustee, manager or director of any corporation, municipality or public institution, to be at the same time a treasurer, secretary or other officer, subordinate to the president and directors, who shall receive a salary therefrom, or be the surety of such officer, nor shall any member of any corporation or public institution, or any officer or agent thereof, be in anywise interested in any contract for the sale or furnishing of any supplies, or materials to be furnished to, or for the use of any corporation, municipality or public institution of which he shall be a

member or officer, or for which he shall be an agent, nor directly nor indirectly interested therein, nor receive any reward or gratuity from any person interested in such contract or sale; and any person violating these provisions, or either of them, shall forfeit his membership in such corporation, municipality or institution, and his office or appointment thereunder".

The question before us is whether the respondent has violated the foregoing act by reason of the fact that he has been and is an employe of the company, which has been and is furnishing current and which has sold electric bulbs to the school board of which the respondent is a member. In other words, was the respondent directly or indirectly interested in the contracts under which current and bulbs were supplied by the company of which he is an employe to the school board of which he is a member? The Act of 1860, supra, is highly penal and cannot be extended beyond its precise meaning: Commonwealth, ex rel., v. Krickbaum, 199 Pa. 351; Trainer et al. v. Wolfe et al., 140 Pa. 279.

There is nothing in the facts before us to show that the respondent, as an employe of the company, had any authority whatever to make any contract for the company, or to show that he benefited either directly or indirectly because the company of which he is an employe sold current and bulbs to the school board. There would have been a violation of the act if the respondent himself had furnished current or bulbs to the school board: Commonwealth v. McCoy, 4 D. & C. 539; Commonwealth v. Miller, 31 Pa. Superior Ct. 309; or if they had been furnished to the school board by a partnership of which the respondent was a member: Commonwealth, ex rel., v. Scheck, 12 D. & C. 709; or by a corporation of which the respondent was an officer or stockholder: Commonwealth v. Ayers, 3 D. & C. 818. Accordingly, where a supervisor of the township was a stockholder in the electric company furnishing current to the township, there was a violation of the act: Dreese et al. v.

Beaver Township Supervisors et al., 24 Dist. R. 586. On the other hand, in Commonwealth, ex rel., v. Wineman, 21 Dist. R. 911, it was held that in the case of a councilman who was merely an employe of a water company furnishing water to the borough there was no violation of the Act of 1860, supra.

It follows, therefore, that the petition must be dismissed and judgment entered for the respondent.

And now, April 27, 1936, the petition for a writ of quo warranto is dismissed and judgment is hereby entered for the respondent.

From Francis B. Sellers, Carlisle.